SUMMARY ORDER
Plaintiff appeals from the order of the United States District Court for the District of Connecticut (Bryant, J.), granting summary judgment to Defendant. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
We review the District Court’s grant of summary judgment de novo. Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir.2008). We conclude, however, that Plaintiffs arguments are without merit. The various claims in Plaintiffs lawsuit are either barred by the Workers’ Compensation Act exclusivity provision, Conn. Gen.Stat. § 31-284(a), see DeOliveira v. Liberty Mut. Ins. Co., 273 Conn. 487, 870 A.2d 1066, 1074 (2005), or arise under the Workers’ Compensation Act and are released by the plain text of the workers’ compensation settlement agreement into which Plaintiff entered, see Lee v. BSB Greenwich Mortgage Ltd. P’ship, 267 F.3d 172, 178 (2d Cir.2001) (holding that, under Connecticut law, it is not proper to look beyond the four corners of a contract so long as that contract is clear and unambiguous); Tallmadge Bros., Inc. v. Iroquois Gas Transmission Sys., L.P., 252 Conn. 479, 746 A.2d 1277, 1288 (2000) (“[A]ny ambiguity in a contract must emanate from the language used in the contract rather than from one party’s subjective perception of the terms.”) (internal quotation marks omitted) (quoting Pesino v. Atl. Bank of N. Y., 244 Conn. 85, 709 A.2d 540, 545 (1998)).
*55 We have reviewed all of Appellant’s claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED.